### REDMOND v. TONE.

*(Supreme Court, General Term, Fifth Department. June 20, 1890.)*

1. **TRIAL—ARGUMENTS OF COUNSEL—RIGHT TO OPEN AND CLOSE.**
   In an action upon a promissory note, where defendant denies the making and delivery of the note, except for the purposes of stating the defenses of fraud and failure of consideration, defendant is not entitled to open and close.

2. **SAME.**
   An exception that defendant was improperly denied the affirmative of the issues became unavailing when the court directed a verdict for plaintiff.

3. **ACTION ON NOTE—QUESTION FOR JURY.**
   Plaintiff had worked for defendant for a period of 22 weeks under a contract by which he was to be paid $25 per week for that period, and the note sued on was given for a balance, admitted not to have been paid. *Held,* that it was proper to refuse to submit to the jury the defenses of failure of consideration, and of fraud in estimating the value of the work done.

Appeal from Monroe county court.

Action by Edward M. Redmond against Joseph G. Tone. Judgment was given for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*J. Van Voorhis,* for appellant. *R. C. Webster,* for respondent.

DWIGHT, P. J. The motion for a new trial was based upon two exceptions: (1) To the denial to the defendant of the affirmative of the issues, and the consequent right to open and close the case; and (2) to the denial of the defendant's request to go to the jury on the question of fraud, and failure of consideration. We think neither exception was well taken. The action was on a promissory note alleged to have been made and delivered to the plaintiff by the defendant. The answer averred "that the note in suit was given to the plaintiff for supposed services which the plaintiff had rendered the defendant in arranging a book for publication; that at the time the note was given the plaintiff falsely represented to the defendant that he had rendered 22 weeks' services, and that the services were of the value of over $550, at the rate of

$25 per week. The defendant had already paid him upwards of $250 at that time, and, relying upon the truth of his representations as to the amount and value of his services, he was induced to give him the note in suit, for $290." The answer then proceeds to aver in detail the falsity of the alleged representations, the knowledge of such falsity on the part of the plaintiff, and his intent thereby to defraud the defendant. It also avers a total failure of consideration for the note, by reason of the same facts above mentioned, and ends by denying "each and every allegation of the complaint, except as in this answer admitted." This denial put in issue the fact of the making and delivery of the note. The answer contained no admission of that fact, except as a part of the defense of fraud and failure of consideration, and the plaintiff was not entitled to avail himself of the admission without admitting the defense of which it formed a part. Moreover, even if the exception had been well taken, it became unavailing when the court held that the evidence presented no question of fact for the jury, and directed a verdict for the plaintiff. *Fuller* v. *Electric Co.*, 22 Wkly. Dig. 313.

Upon the evidence, there was clearly no question of fact for the jury. The work was done under a written contract which fixed the compensation of the plaintiff at the sum of $25 a week for not more than five months from the 29th day of August, which was the same time (22 weeks) for which, according to the answer, the plaintiff's compensation was computed. Upon the question whether the plaintiff was actually employed in the work during that time, the evidence is undisputed. The plaintiff so testified, and no one assumed to deny it. No charge of fraud can be predicated upon representations of the value of the work. That was, at the most, a matter of opinion, and not the subject of fraudulent representation. The defense of total failure of consideration was negatived by the undisputed evidence above referred to. We find no error in the disposition of the case by the learned county judge. Judgment and order appealed from must be affirmed. Judgment and order appealed from affirmed, with costs. All concur.